UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

H&R BLOCK EASTERN TAX
SERVICES, INC., a Missouri
corporation,

      Plaintiff,

    v.                CIVIL ACTION NO. 2:01-cv-49-FTM-29DNF

AAAA DISCOUNT INSURANCE,
A AA ADISCOUNT AUTO
INSURANCE, INC., a Florida
corporation, AAA DISCOUNT AUTO
INSURANCE, FREDERICK TRELLI,
an Individual, and VARIOUS
JOHN DOES, JANE DOES and
ABC COMPANIES,

      Defendants.

_____/

### COMPLAINT

#### INJUNCTIVE RELIEF SOUGHT

    Plaintiff, **H&R BLOCK EASTERN TAX SERVICES, INC.**, (hereinafter "Plaintiff" or "**H&R BLOCK**"), by and through its undersigned counsel, hereby files this Complaint against Defendants **AAAA DISCOUNT INSURANCE, A AA ADISCOUNT AUTO INSURANCE, INC., AAA DISCOUNT AUTO INSURANCE, FREDERICK**

**TRELLI, VARIOUS JOHN DOES, JANE DOES,** and **ABC COMPANIES** (hereinafter collectively referred to as "Defendants") for Federal Trademark Infringement, Federal Unfair Competition, Federal False Designation of Origin, Federal False Description, Passing Off, False Advertising, Federal Dilution, Florida Trade Name Infringement, Florida Common Law Trademark Infringement, Florida Injury to Business Reputation and Dilution, and Florida Common Law Unfair Competition, and alleges the following:

<u>**JURISDICTION**</u>

1.  This is a Complaint for Federal Trademark Infringement, Federal Unfair Competition, Federal False Designation of Origin, Federal False Description, Passing Off, False Advertising, Federal Dilution, Florida Trade Name Infringement, Florida Common Law Trademark Infringement, Florida Injury to Business Reputation and Dilution under Florida Statutes Section 495.151, and Florida Common Law Unfair Competition.

2.  This Court has original jurisdiction over this action under 28 U.S.C. §§1331, 1332 and 1338(a), 15 U.S.C.

§§1114, 1116, 1121, and 1125, and the principles of pendent jurisdiction.

3.   The matter in controversy exceeds, exclusive of interest and costs, the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

4.   Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(a) in that Plaintiff's claim arises in this district.

**PARTIES**

5.   Plaintiff, **H&R BLOCK**, is a corporation organized and existing under the laws of the State of Missouri, having its principal place of business at Kansas City, Missouri.

6.   Upon information and belief, Defendant, **AAAA DISCOUNT INSURANCE**, is a business having its principal place of business at Fort Myers, Florida.

7.   Upon information and belief, Defendant, **A AA ADISCOUNT AUTO INSURANCE, INC.**, is a business incorporated in the State of Florida, having its principal place of business at Cape Coral, Florida.

8.    Upon information and belief, Defendant, **AAA DISCOUNT AUTO INSURANCE** is a business having its principal place of business at Fort Myers, Florida.

9.    Upon information and belief, Defendant, **FREDERICK TRELLI** (hereinafter "**TRELLI**") is an officer and director of **AAAA DISCOUNT INSURANCE,** residing in Fort Myers, Florida.

10.   Upon information and belief, Defendant, **TRELLI**, is an officer and director of **A AA ADISCOUNT AUTO INSURANCE, INC.**

11.   Upon information and belief, Defendant, **TRELLI**, is an officer and directed of **AAA DISCOUNT AUTO INSURANCE**.

12.   Upon information and belief, Defendant **TRELLI** is a principal of Defendant **AAAA DISCOUNT INSURANCE** and Defendant **A AA ADISCOUNT AUTO INSURANCE, INC.,** and during the acts herein alleged was a conscious, active, and dominant force behind the unlawful acts of Defendants.

13.   Upon information and belief, Defendants have committed the acts complained of herein in this District.

14.   Upon information and belief, Defendants, **VARIOUS JOHN DOES, JANE DOES** and **ABC COMPANIES** are individuals and

business entities engaged in connection with the named
Defendants in the unauthorized, illegal, infringing,
unlicenced and imitative use of Plaintiff's marks for
tax return preparation services.  The identities of
these defendants presently are not and cannot be known
to Plaintiff.

## FACTUAL BACKGROUND

### PLAINTIFF AND ITS SUCCESS IN THE INDUSTRY

15.  Plaintiff **H&R BLOCK** is engaged in the business of
offering tax return preparation to the general public
and has been so for over 45 years.

16.  **H&R BLOCK** is the nation's most recognized brand in the
field of tax return preparation services.

17.  Plaintiff's tax return preparation services are
purchased by people throughout the United States.

18.  For over 45 years, Plaintiff has enjoyed an excellent
reputation for services and public goodwill in the
United States and through its tax return preparation
services.

19.  Plaintiff's brand stands for excellence in the field of
tax return preparation services.

20. Plaintiff's unequaled results and success contribute to its brand value.

21. **H&R BLOCK** expends millions of dollars in advertising its services throughout North America and the world. Plaintiff's reputation and considerable expenditures have resulted in brand value, brand identity, and brand recognition like no other of its competitors.

## PLAINTIFF'S TRADEMARK RIGHTS

22. Plaintiff **H&R BLOCK** enforces all right, title and interest in and to United States Service Mark Registration No. 1,270,198 for "H&R BLOCK" & Design, for preparation of tax returns for others, and conducting classes and courses in preparation of tax returns.

23. By compliance with Section 15 of the Trademark Act, as a matter of recorded public record, Registration No. 1,270,198 is incontestable.

24. Plaintiff enforces all right, title and interest in and to United States Service Mark Registration No. 2,024,035 for the mark "H&R BLOCK PREMIUM" for preparation of tax returns for others.

25. By compliance with Section 15 of the Trademark Act, as a matter of recorded public record, Registration No. 2,024,035 is incontestable.

26. Plaintiff **H&R BLOCK** enforces all right, title and interest in and to United States Service Mark Registration No. 1,502,530 for the mark "RAPID REFUND H&R BLOCK" & Design, for electronic transmission of income tax return information.

27. By compliance with Section 15 of the Trademark Act, as a matter of recorded public record, Registration No. 1,502,530 is incontestable.

28. Plaintiff enforces all right, title and interest in and to United States Service Mark Registration No. 773,839 for the mark "H&R BLOCK" for services, namely, preparation of income tax returns for others.

29. By compliance with Section 15 of the Trademark Act, as a matter of recorded public record, Registration No. 773,839 is incontestable.

30. The above set forth incontestable marks are referred to herein as the "H&R BLOCK FAMILY OF INCONTESTABLE MARKS." A copy of the marks are annexed hereto as composite **Exhibit "A"**.

31. Plaintiff's services have been widely advertised and extensively offered for sale under the H&R BLOCK FAMILY OF INCONTESTABLE MARKS to the general public, and the H&R BLOCK FAMILY OF INCONTESTABLE MARKS have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality services, and its goodwill.

32. Plaintiff **H&R BLOCK** enjoys considerable success and an enviable reputation in the tax return preparation industry due in large part to its use of, and rights in the H&R BLOCK FAMILY OF INCONTESTABLE MARKS, as well as the goodwill that has been developed in connection with the H&R BLOCK FAMILY OF INCONTESTABLE MARKS.

33. Plaintiff **H&R BLOCK** has made great sacrifice and expenditure to achieve the success it now enjoys.  As a result of Plaintiff's investment, the H&R BLOCK FAMILY OF INCONTESTABLE MARKS has become synonymous with high-quality services in the field of tax return preparation.

34. The H&R BLOCK FAMILY OF INCONTESTABLE MARKS has become recognizable to the relevant consuming public as synonymous with Plaintiff **H&R BLOCK**.

35.  Plaintiff's business policy with respect to the H&R BLOCK FAMILY OF INCONTESTABLE MARKS is to protect and enforce its exclusive rights thereto in order to ensure its continued success and reputation for the quality of its services.

## DEFENDANTS AND THEIR ILLEGAL ACTS

36.  Upon information and belief, Defendants **AAAA DISCOUNT INSURANCE** and **TRELLI,** are and have been actively engaged in the business of offering to the consuming public services in direct competition with Plaintiff **H&R BLOCK.**

37.  Upon information and belief, Defendants are and have been regularly and actively engaged in the unauthorized, infringing, illegal, unlicensed and imitative use of the terms "H&R BLOCK", "H&R BLOCK EXPRESS TAX SERVICE", "H&R BLOCK EXPRESS TAX SERVICE 24 HR. TAX RETURNS", and all of the above terms with the addition of "You've Tried, Now Try, and As Fast As" (hereinafter the "Infringing Marks").  True and correct photographs of the sign used by Defendants are annexed hereto as composite **Exhibit "B"**.

38. Upon information and belief, the sign as described above has been placed on at least three of Defendants' locations of business, and are displayed to the consuming public.

39. Defendants' illegal acts are, and will be, without permission or authority of Plaintiff **H&R BLOCK** and without any legitimate license. Defendants' use of the Infringing Marks infringe each of the registrations comprising the H&R BLOCK FAMILY OF INCONTESTABLE MARKS.

40. The Infringing Marks have been used by the Defendants and offered to the public utilizing this District as a forum for their infringing activities with full knowledge of the source of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS and of the fact that Defendants' services are not the genuine authorized product of **H&R BLOCK.**

41. By using the Infringing Marks, Defendants have misrepresented and falsely described to the general public the origin and source of Defendants' services so as to deceive the public and deliberately create the likelihood of confusion, or cause mistake, or to deceive as to the affiliation, connection, or

association of such person with another person, or as to the origin, sponsorship, or approval of his or her services, or commercial activities by the ultimate purchaser as to both the source and sponsorship of the Defendants' services.

42. Upon information and belief, Defendants' services offered under the Infringing Marks are inferior in quality to the services authorized to be rendered by **H&R BLOCK** and the sale thereof has and will continue to damage and dilute the goodwill Plaintiff **H&R BLOCK** has developed in connection with offering legitimate authorized tax return preparation services.

43. Defendants, upon information and belief, with full knowledge of the notoriety of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS, intended to and did trade on the goodwill associated with the H&R BLOCK FAMILY OF INCONTESTABLE MARKS and have misled the public, and will continue to mislead the public, into initially assuming a connection to **H&R BLOCK**.

44. Defendants have advertised, distributed, offered for sale, and/or sold in Florida and in interstate commerce express tax return preparation services under the

Infringing Marks, thus creating the likelihood of confusion, deception, and mistake as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her services or commercial activities.

45. The use by Defendants of the Infringing Marks constitutes knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates the Defendants' services offered to the public by Defendants as originating from or connected with Plaintiff **H&R BLOCK** and constitutes utilizing false descriptions or representations in commerce.

46. The imitation, reproduction, and unauthorized use of the Infringing Marks by Defendants causes irreparable injury to Plaintiff **H&R BLOCK**, including injury to its business reputation and dilution of the distinctive quality of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS.

47. Defendants **AAAA DISCOUNT INSURANCE,** and **FREDERICK TRELLI,** were notified on November 14, 2000, in correspondence transmitted to each of the three

business locations of AAAA Discount Insurance, and Defendants' attorney was notified on December 14, 2000, of Plaintiff's rights and requested to cease and desist from their infringing activities.

48. Notwithstanding Plaintiff's demands to cease and desist Defendants' unauthorized and infringing acts, Defendants have willfully and intentionally caused their unlawful activities.

49. Defendants have acted with the willful intent to trade on Plaintiff **H&R BLOCK**'s reputation and to dilute the distinctive quality of Plaintiff's trademark rights in the H&R BLOCK FAMILY OF INCONTESTABLE MARKS.

50. Defendants' use of the Infringing Marks is likely to and does permit Defendants to pass off their services as those of Plaintiff **H&R BLOCK**, all to the detriment of Plaintiff and the unjust enrichment of Defendants.

51. Defendants' use of the Infringing Marks has caused and is likely to continue to cause damage to Plaintiff **H&R BLOCK** by tarnishing the valuable reputation and image associated with Plaintiff and its services.  Defendants have further passed off their services as those of Plaintiff's by their misrepresentations to the

consuming public, members of which are likely to and do
believe that Defendants' express tax return preparation
services emanate from or is associated with Plaintiff
**H&R BLOCK.**

52.  Such acts of Defendants permit and accomplish
confusion, mislead and deceive the public as to the
affiliation, connection, or association of such person
with another person, or as to the origin, sponsorship,
or approval of his or her services or commercial
activities as to the source of Defendants' services,
permit and accomplish passing off of Defendants'
services as those of Plaintiff, and falsely suggests a
connection with Plaintiff **H&R BLOCK.**

53.  Defendants' unlawful activity results in irreparable
harm and injury to **H&R BLOCK.**  Among other harms, it:
deprives Plaintiff of its absolute right to determine
the manner in which its services are presented to the
general public; deceives the public as to the origin
and sponsorship of such services; wrongfully trades
upon and cashes in on Plaintiff's reputation and
exclusive rights in the H&R BLOCK FAMILY OF
INCONTESTABLE MARKS; and, to the extent the services

offered by Defendants are of inferior quality, irreparably harms and injures Plaintiff's reputation.

54. Plaintiff **H&R BLOCK** is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of 15 U.S.C. §§1114 and 1125.

55. Plaintiff **H&R BLOCK** is further entitled to recover from Defendants the damages, including treble damages, interest and attorney fees and costs, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein.  At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. §1114(1)

56. Plaintiff repeats and realleges Paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57.  Defendants' acts as alleged herein constitute trademark infringement in violation of 15 U.S.C. §1114(1).

58.  Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff **H&R BLOCK** and, unless restrained, will continue to do so.

59.  As a result, Plaintiff **H&R BLOCK** has suffered damages with interest.

60.  Plaintiff has no adequate complete remedy at law.


**WHEREFORE**, Plaintiff, **H&R BLOCK**, demands judgment against Defendants including:

a.  a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

   i.  from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or the H&R BLOCK FAMILY OF INCONTESTABLE MARKS, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS or Plaintiff's forms of advertisement;

ii.   from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with or originating from Plaintiff;

iii. from directly or indirectly using any of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS which are likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.  from utilizing any of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS in any shape or manner;

v.   from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks, and from otherwise unfairly competing in any way with Plaintiff;

vi.  to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in or comes to be in Defendants' respective possession, custody or control and which bear the Infringing Marks;

vii. to notify their direct customers, agents, and representatives that the Infringing Marks are not connected with the Plaintiff;

viii. to immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.  an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.  all monetary damages suffered by Plaintiff;

d.  an award of attorneys fees and costs pursuant to 15 U.S.C. §1117; and

e.  such other interlocutory and permanent relief as this Court may deem just and proper.


## COUNT II

### FEDERAL UNFAIR COMPETITION
### (15 U.S.C. §1125)

61. Plaintiff repeats and realleges Paragraphs 1 through 55 of this Complaint as if fully set forth herein.

62. Defendants' acts, as alleged herein, constitute unfair competition in violation of 15 U.S.C. §1125.

63. Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff **H&R BLOCK** and, unless restrained, will continue to do so.

64. As a result, Plaintiff **H&R BLOCK** has suffered damages with interest.

65. Plaintiff has no adequate complete remedy at law.


**WHEREFORE**, Plaintiff, **H&R BLOCK,** demands judgment against Defendants including:

a.   a preliminary and permanent injunction enjoining
     and restraining Defendants and their officers,
     directors, principals, agents, servants,
     employees, successors, assigns, attorneys, and all
     those persons in active concert or participation
     therewith who received actual notice of this
     Court's orders:

     i.    from causing likelihood of confusion, or
           causing mistake, or to deceive as to the
           affiliation, connection, or association of
           Defendants with Plaintiff or the H&R BLOCK
           FAMILY OF INCONTESTABLE MARKS, or as to the
           origin, sponsorship, or approval of his or
           her goods, services, or commercial
           activities, or causing injury to business
           reputation, or dilution of the
           distinctiveness of the H&R BLOCK FAMILY OF
           INCONTESTABLE MARKS or Plaintiff's forms of
           advertisement;

     ii.   from directly or indirectly falsely
           designating or representing that any goods or
           services are authorized, approved, associated
           with or originating from Plaintiff;

     iii.  from directly or indirectly using any of the
           H&R BLOCK FAMILY OF INCONTESTABLE MARKS which
           is likely to cause confusion or further
           irreparable harm to Plaintiff's business
           reputation or goodwill;

     iv.   from utilizing any of the H&R BLOCK FAMILY OF
           INCONTESTABLE MARKS in any shape or manner;

     v.    from publishing, assembling, marketing,
           distributing, or otherwise utilizing any
           literature, business forms, advertisements,
           signs, or any other representations,
           regardless of the medium, which bear the
           Infringing Marks, and from otherwise unfairly
           competing in any way with Plaintiff;

    vi.  to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in or comes to be in Defendants' respective possession, custody or control and which bear the Infringing Marks;

    vii.  to notify their direct customers, agents, and representatives that the Infringing Marks are not connected with the Plaintiff's services;

    viii.  to immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.    an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.    all monetary damages suffered by Plaintiff;

d.    an award of attorneys fees and costs pursuant to 15 U.S.C. §1117; and

e.    such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT III

### FEDERAL FALSE
### DESIGNATION OF ORIGIN
### (15 U.S.C. §1125(a)(1)(A))

66. Plaintiff repeats and realleges Paragraphs 1 through 55 of this Complaint as if fully set forth herein.

67. Defendants' acts, as alleged herein, constitute a false designation of origin which is likely to cause confusion, mistake or deception in violation of 15 U.S.C. §1125(a)(1)(A).

68. Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff **H&R BLOCK** and, unless restrained, will continue to do so.

69. As a result, Plaintiff **H&R BLOCK** has suffered damages with interest.

70. Plaintiff has no adequate complete remedy at law.


**WHEREFORE,** Plaintiff, **H&R BLOCK,** demands judgment against Defendants including:

    a. a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

i.   from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or the H&R BLOCK FAMILY OF INCONTESTABLE MARKS, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS or Plaintiff's forms of advertisement;

ii.  from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with or originating from Plaintiff;

iii. from directly or indirectly using any of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.  from utilizing any of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS in any shape or manner;

v.   from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks, and from otherwise unfairly competing in any way with Plaintiff;

vi.  to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in or comes to be in Defendants' respective possession, custody or control and which bear the Infringing Marks;

vii. to notify their direct customers, agents, and representatives that the Infringing Marks are not connected with the Plaintiff's services;

viii. to immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b. an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c. all monetary damages suffered by Plaintiff;

d. an award of attorneys fees and costs pursuant to 15 U.S.C. §1117; and

e. such other interlocutory and permanent relief as this Court may deem just and proper.


## COUNT IV

### FEDERAL FALSE DESCRIPTION
### (15 U.S.C. §1125(a)(1)(A))

71. Plaintiff repeats and realleges Paragraphs 1 through 55 of this Complaint as if fully set forth herein.

72. Defendants' acts, as alleged herein, constitute a false and misleading description of fact or a false or misleading representation of fact which is likely to

cause confusion, mistake or deception in violation of 15 U.S.C. §1125(a)(1)(A).

73.  Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff **H&R BLOCK** and, unless restrained, will continue to do so.

74.  As a result, Plaintiff **H&R BLOCK** has suffered damages with interest.

75.  Plaintiff has no adequate complete remedy at law.


**WHEREFORE**, Plaintiff, **H&R BLOCK,** demands judgment against Defendants including:

    a.  a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

        i.  from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or the H&R BLOCK FAMILY OF INCONTESTABLE MARKS, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS or Plaintiff's forms of advertisement;

   ii.   from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with or originating from Plaintiff;

   iii. from directly or indirectly using any of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

   iv.  from utilizing any of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS in any shape or manner;

   v.   from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks, and from otherwise unfairly competing in any way with Plaintiff;

   vi.  to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in or comes to be in Defendants' respective possession, custody or control and which bear the Infringing Marks;

   vii. to notify their direct customers, agents, and representatives that the Infringing Marks are not connected with the Plaintiff's services;

   viii. to immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.   an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.   all monetary damages suffered by Plaintiff;

d.   an award of attorneys fees and costs pursuant to 15 U.S.C. §1117; and

e.   such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT V

### PASSING OFF
### (15 U.S.C. §1125)

76.   Plaintiff repeats and realleges Paragraphs 1 through 55 of this Complaint as if fully set forth herein.

77.   Defendants' acts, as alleged herein, constitute passing off and allow unfair competition with Plaintiff in violation of 15 U.S.C. §1125.

78.   Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff **H&R BLOCK** and, unless restrained, will continue to do so.

79.   As a result, Plaintiff **H&R BLOCK** has suffered damages with interest.

80.   Plaintiff has no adequate complete remedy at law.

**WHEREFORE**, Plaintiff, **H&R BLOCK,** demands judgment against

Defendants including:

a.   a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

  i.   from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or the H&R BLOCK FAMILY OF INCONTESTABLE MARKS, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS or Plaintiff's forms of advertisement;

  ii.   from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with or originating from Plaintiff;

  iii. from directly or indirectly using any of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS which are likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

  iv.   from utilizing any of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS in any shape or manner;

  v.   from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations,

regardless of the medium, which bear the Infringing Marks, and from otherwise unfairly competing in any way with Plaintiff;

vi. to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in or comes to be in Defendants' respective possession, custody or control and which bear the Infringing Marks;

vii. to notify their direct customers, agents, and representatives that the Infringing Marks are not connected with the Plaintiff;

viii. to immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b. an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c. all monetary damages suffered by Plaintiff;

d. an award of attorneys fees and costs pursuant to 15 U.S.C. §1117; and

e. such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT VI

### FALSE ADVERTISING
### (15 U.S.C. §1125(a)(1)(B)

81.  Plaintiff repeats and realleges Paragraphs 1 through 55 of this Complaint as if fully set forth herein.

82.  Defendants' acts, as alleged herein, constitute false advertising in violation of 15 U.S.C. §1125(a)(1)(B).

83.  Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff **H&R BLOCK** and, unless restrained, will continue to do so.

84.  As a result, Plaintiff **H&R BLOCK** has suffered damages with interest.

85.  Plaintiff has no adequate complete remedy at law.


**WHEREFORE**, Plaintiff, **H&R BLOCK,** demands judgment against Defendants including:

   a.  a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

      i.  from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of

Defendants with Plaintiff or the H&R BLOCK FAMILY OF INCONTESTABLE MARKS, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS or Plaintiff's forms of advertisement;

ii.  from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with or originating from Plaintiff;

iii. from directly or indirectly using any of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS which are likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.  from utilizing any of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS in any shape or manner;

v.   from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks, and from otherwise unfairly competing in any way with Plaintiff;

vi.  to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in or comes to be in Defendants' respective possession, custody or control and which bear the Infringing Marks;

vii. to notify their direct customers, agents, and representatives that the Infringing Marks are not connected with the Plaintiff;

viii. to immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b. an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c. all monetary damages suffered by Plaintiff;

d. an award of attorneys fees and costs pursuant to 15 U.S.C. §1117; and

e. such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT VII

### FEDERAL DILUTION
### (15 U.S.C. 1125(c)

86. Plaintiff repeats and realleges Paragraphs 1 through 55 of this Complaint as if fully set forth herein.

87. Defendants' acts, as alleged herein, constitute dilution of the distinctive quality of Plaintiff's trademark rights in the H&R BLOCK FAMILY OF INCONTESTABLE MARKS in violation of 15 U.S.C. § 1125(c).

88. Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff **H&R BLOCK** and, unless restrained, will continue to do so.

89. As a result, Plaintiff **H&R BLOCK** has suffered damages with interest.

90. Plaintiff has no adequate complete remedy at law.

**WHEREFORE**, Plaintiff, **H&R BLOCK,** demands judgment against Defendants including:

a. a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

   i. from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or the H&R BLOCK FAMILY OF INCONTESTABLE MARKS, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS or Plaintiff's forms of advertisement;

   ii. from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with or originating from Plaintiff;

iii. from directly or indirectly using any of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv. from utilizing any of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS in any shape or manner;

v. from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks, and from otherwise unfairly competing in any way with Plaintiff;

vi. to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in or comes to be in Defendants' respective possession, custody or control and which bear the Infringing Marks;

vii. to notify their direct customers, agents, and representatives that the Infringing Marks are not connected with the Plaintiff's services;

viii. to immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b. an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.   all monetary damages suffered by Plaintiff;

d.   an award of attorneys fees and costs pursuant to
15 U.S.C. §1117; and

e.   such other interlocutory and permanent relief as
this Court may deem just and proper.

## COUNT VIII

### FLORIDA TRADE NAME INFRINGEMENT
### Florida Statutes §495.151

91.  Plaintiff repeats and realleges Paragraphs 1 through 55
of this Complaint as if fully set forth herein.

92.  Defendants' acts, as alleged herein, constitute an
infringement of Plaintiff's rights in and to its trade
name as defined in Florida Statutes §495.151 et seq.

93.  Defendants' acts, as alleged herein, have caused
irreparable injury and damage to Plaintiff **H&R BLOCK**
and, unless restrained, will continue to do so.

94.  As a result, Plaintiff **H&R BLOCK** has suffered damages
with interest.

95.  Plaintiff has no adequate complete remedy at law.

**WHEREFORE**, Plaintiff, **H&R BLOCK,** demands judgment against
Defendants for:

a.   a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

   i.   from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or the H&R BLOCK FAMILY OF INCONTESTABLE MARKS, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS or Plaintiff's forms of advertisement;

   ii.   from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with or originating from Plaintiff;

   iii.  from directly or indirectly using the H&R BLOCK FAMILY OF INCONTESTABLE MARKS which are likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

   iv.   from utilizing any of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS in any shape or manner;

   v.    from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks, and from otherwise unfairly competing in any way with Plaintiff;

vi.   to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in or comes to be in Defendants' respective possession, custody or control and which bear the Infringing Marks;

vii.  to notify their direct customers, agents, and representatives that the Infringing Marks are not connected with the Plaintiff;

viii. to immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.   an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.   all monetary damages suffered by Plaintiff;

d.   an award of attorneys fees and costs; and

e.   such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT IX

### FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

96.   Plaintiff repeats and realleges Paragraphs 1 through 55 of this Complaint as if fully set forth herein.

97.  Defendants' acts, as alleged herein, are likely to
     cause public confusion, mistake or deception and
     constitute trademark infringement in violation of
     Florida law.

98.  Defendants' acts, as alleged herein, have caused
     irreparable injury and damage to Plaintiff **H&R BLOCK**
     and, unless restrained, will continue to do so.

99.  As a result, Plaintiff **H&R BLOCK** has suffered damages
     with interest.

100. Plaintiff has no adequate complete remedy at law.


**WHEREFORE**, Plaintiff, **H&R BLOCK**, demands judgment against
Defendants for:

   a.  a preliminary and permanent injunction enjoining
       and restraining Defendants and their officers,
       directors, principals, agents, servants,
       employees, successors, assigns, attorneys, and all
       those persons in active concert or participation
       therewith who received actual notice of this
       Court's orders:

       i.  from causing likelihood of confusion, or
           causing mistake, or to deceive as to the
           affiliation, connection, or association of
           Defendants with Plaintiff or the H&R BLOCK
           FAMILY OF INCONTESTABLE MARKS, or as to the
           origin, sponsorship, or approval of his or
           her goods, services, or commercial
           activities, or causing injury to business
           reputation, or dilution of the

distinctiveness of the H&R BLOCK FAMILY OF
INCONTESTABLE MARKS or Plaintiff's forms of
advertisement;

ii.   from directly or indirectly falsely
designating or representing that any goods or
services are authorized, approved, associated
with or originating from Plaintiff;

iii.  from directly or indirectly using any of the
H&R BLOCK FAMILY OF INCONTESTABLE MARKS which
are likely to cause confusion or further
irreparable harm to Plaintiff's business
reputation or goodwill;

iv.   from utilizing any of the H&R BLOCK FAMILY OF
INCONTESTABLE MARKS in any shape or manner;

v.    from publishing, assembling, marketing,
distributing, or otherwise utilizing any
literature, business forms, advertisements,
signs, or any other representations,
regardless of the medium, which bear the
Infringing Marks, and from otherwise unfairly
competing in any way with Plaintiff;

vi.   to deliver up to Plaintiff all literature,
advertisements, business forms, signs, and
any other representations, regardless of
form, which are in or comes to be in
Defendants' respective possession, custody or
control and which bear the Infringing Marks;

vii.  to notify their direct customers, agents, and
representatives that the Infringing Marks are
not connected with the Plaintiff;

viii. to immediately institute full compliance with
any order entered by this Court and, within
thirty days following the date of entry of
any preliminary or permanent injunctive
relief issued by this Court, propound and
file a statement under oath and penalty of

perjury, that each and every injunctive provision has been fully and completely complied with;

b.  an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.  all monetary damages suffered by Plaintiff;

d.  an award of attorneys fees and costs; and

e.  such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT X

### FLORIDA INJURY TO BUSINESS REPUTATION AND DILUTION (Florida Statutes §495.151)

101. Plaintiff repeats and realleges Paragraphs 1 through 55 of this Complaint as if fully set forth herein.

102. Defendants' acts, as alleged herein, have caused and are likely to cause damage to Plaintiff by tarnishing Plaintiff's valuable reputation and by diluting the distinctiveness of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS in violation of Florida Statutes §495.151.

103. Defendants' acts, as alleged herein, have caused irreparable injury to Plaintiff **H&R BLOCK** and, unless restrained, will continue to do so.

104. As a result, Plaintiff **H&R BLOCK** has suffered damages with interest.

105. Plaintiff has no adequate complete remedy at law.

**WHEREFORE**, Plaintiff, **H&R BLOCK**, demands judgment against

Defendants for:

    a.    a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

        i.    from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or the H&R BLOCK FAMILY OF INCONTESTABLE MARKS, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS or Plaintiff's forms of advertisement;

        ii.    from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with or originating from Plaintiff;

        iii. from directly or indirectly using the H&R BLOCK FAMILY OF INCONTESTABLE MARKS which are likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

   iv.   from utilizing any of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS in any shape or manner;

   v.   from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks, and from otherwise unfairly competing in any way with Plaintiff;

   vi.   to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in or comes to be in Defendants' respective possession, custody or control and which bear the Infringing Marks;

   vii.   to notify their direct customers, agents, and representatives that the Infringing Marks are not connected with the Plaintiff;

   viii.   to immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.   an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.   all monetary damages suffered by Plaintiff;

d.   an award of attorneys fees and costs; and

e.   such other interlocutory and permanent relief as this Court may deem just and proper.

## COUNT XI

### FLORIDA COMMON LAW UNFAIR COMPETITION

106.  Plaintiff repeats and realleges Paragraphs 1 through 55 of this Complaint as if fully set forth herein.

107.  Defendants' acts, as alleged herein, constitute a false designation of origin, a false and misleading description of fact or a false or misleading representation of fact which is likely to cause confusion, mistake or deception in violation of Florida law.

108.  Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff **H&R BLOCK** and, unless restrained, will continue to do so.

109.  As a result, Plaintiff **H&R BLOCK** has suffered damages with interest.

110.  Plaintiff has no adequate complete remedy at law.


**WHEREFORE**, Plaintiff, **H&R BLOCK**, demands judgment against Defendants including:

a.    a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all

those persons in active concert or participation therewith who received actual notice of this Court's orders:

i.    from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or the H&R BLOCK FAMILY OF INCONTESTABLE MARKS, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS or Plaintiff's forms of advertisement;

ii.   from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with or originating from Plaintiff;

iii.  from directly or indirectly using any of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS which are likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv.   from utilizing any of the H&R BLOCK FAMILY OF INCONTESTABLE MARKS in any shape or manner;

v.    from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks, and from otherwise unfairly competing in any way with Plaintiff;

vi.   to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in or comes to be in

Defendants' respective possession, custody or control and which bear the Infringing Marks;

vii. to notify their direct customers, agents, and representatives that the Infringing Marks are not connected with the Plaintiff;

viii. to immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.   an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

c.   all monetary damages suffered by Plaintiff;

d.   an award of attorneys fees and costs; and

e.   such other interlocutory and permanent relief as this Court may deem just and proper.

Respectfully submitted,

JENNIFER L. WHITELAW, Esquire
TRIAL COUNSEL for Plaintiff
**H&R BLOCK EASTERN TAX
SERVICES, INC.**
Florida Bar No. 0938629
3838 Tamiami Trail North
Third Floor
Naples, Florida 34103
Telephone (941) 262-1001
Facsimile (941) 261-0057

January 31, 2001

I DECLARE, under penalty of perjury that I have read the foregoing Complaint and that the same is true and correct.

Executed this 30 day of January, 2001.

DANIEL C. BOFAMY
Assistant Vice President
Regional Director
H&R BLOCK EASTERN TAX
SERVICES, INC.

Int. Cls.: **35 and 41**

Prior U.S. Cls.: **101 and 107**



## United States Patent and Trademark Office

Reg. No. **1,270,198**
Registered Mar. 13, 1984

## SERVICE MARK
### Principal Register

# H&R BLOCK

H & R Block, Inc. (Missouri corporation)
4410 Main St.
Kansas City, Mo. 64111

For: PREPARATION OF TAX RETURNS FOR OTHERS, in CLASS 35 (U.S. Cl. 101).
First use Oct. 1975, in a different form Jan. 2, 1956; in commerce Oct. 1975, in a different form Jul. 1, 1956.
For: CONDUCTING CLASSES AND COURSES IN PREPARATION OF TAX RETURNS, in CLASS 41 (U.S. Cl. 107).

First use Oct. 1975, in a different form Sep. 15, 1964; in commerce Oct. 1975, in a different form Sep. 15, 1964.

Owner of U.S. Reg. Nos. 773,839 and 914,790.

Ser. No. 394,281, filed Sep. 29, 1982.

EDWARD NELSON, Examining Attorney



Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 2,024,035

## United States Patent and Trademark Office

Registered Dec. 17, 1996

### SERVICE MARK
#### PRINCIPAL REGISTER

## H&R BLOCK PREMIUM

HRB ROYALTY, INC. (DELAWARE CORPORA-
TION)
SUITE 310
300 DELAWARE AVENUE
WILMINGTON, DE 19801

FOR: PREPARATION OF TAX RETURNS
FOR OTHERS, IN CLASS 35 (U.S. CLS. 100, 101
AND 102).
FIRST USE 1-15-1996; IN COMMERCE
1-15-1996.

OWNER OF U.S. REG. NOS. 773,839, 1,502,530
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "PREMIUM", APART FROM
THE MARK AS SHOWN.

SER. NO. 75-054,695, FILED 1-26-1996.

STEVEN R. FOSTER, EXAMINING ATTORNEY



Int. Cl.: 38

Prior U.S. Cls.: 101 and 104

**United States Patent and Trademark Office**

Reg. No. 1,502,530
Registered Aug. 30, 1988

### SERVICE MARK
### PRINCIPAL REGISTER



H & R BLOCK, INC. (MISSOURI CORPORA-
TION)
4410 MAIN STREET
KANSAS CITY, MO 64111

FOR: ELECTRONIC TRANSMISSION OF
INCOME TAX RETURN INFORMATION, IN
CLASS 38 (U.S. CLS. 101 AND 104).

FIRST USE 1–24–1986; IN COMMERCE
1–24–1986.
OWNER OF U.S. REG. NOS. 773,839, 1,349,930
AND OTHERS.

SER. NO. 579,662, FILED 1–28–1986.

MARTIN MARKS, EXAMINING ATTORNEY



# United States Patent Office

773,839

Registered July 21, 1964

## PRINCIPAL REGISTER
## Service Mark

Ser. No. 172,148, filed July 1, 1963



H & R Block, Inc. (Missouri corporation)
4410 Main St.
Kansas City, Mo.

For: SERVICES—NAMELY, PREPARATION OF
INCOME TAX RETURNS FOR OTHERS—in CLASS
101.
First use on or about Jan. 2, 1956; in commerce on
or about July 1, 1956.

REGISTERED FOR A TERM OF 20 YEARS FROM July 21, 1964

COMB. AFF. SEC 8 & 15

Attest:

AUG 25 1976

J F Hendricks
Attesting Officer

Certified to be a true copy of the registration,
which is in full force and effect, with notations
of all effective actions taken thereon, excluding
transfers, as disclosed by the records of the
United States Patent & Trademark Office.

C. Marshall Dann
Commissioner of Patents









